IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN M. WILLIAMSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-606 |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 13th day of September, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely

because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to incorporate into her residual functional capacity ("RFC") the opinion of the consultative examiner that Plaintiff needed a cane to ambulate. She asserts that this is particularly problematic since the ALJ found the consultative examiner's opinion to be persuasive. The Court disagrees and finds that substantial evidence supports the ALJ's RFC findings and his determination that Plaintiff is not disabled.

The record is nearly bereft of any evidence that Plaintiff needs or even uses a cane to walk. However, at her October 29, 2019 examination with consultative examiner Jessica Spagnolo, N.P., Plaintiff informed NP Spagnolo that she used a cane to walk, and NP Spagnolo subsequently checked a box on the examination form indicating that Plaintiff required the use of a cane to ambulate. (R. 1258, 1263). NP Spagnolo did note, however, that Plaintiff did not have a cane with her at the examination and yet ambulated effectively. (R. 1258). Other than Plaintiff's brief testimony on the subject at the administrative hearing, this amounts to the only evidence suggesting that Plaintiff needs or uses a cane. The ALJ found the consultative examiner's opinion to be generally persuasive, but the RFC contains no restrictions involving the use of a cane or other ambulatory device. (R. 24-25, 20). Plaintiff contends that, given the fact that the ALJ found NP Spagnolo's opinion to be persuasive, the ALJ should have either included in the RFC the fact that Plaintiff required a cane or, in the alternative, explained why he did not incorporate that aspect of NP Spagnolo's opinion. There are several problems with this argument.

First, "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight." *Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014). *See also Bruce v. Kijakazi*, No. 3:20-CV-229, 2022 WL 973280, at *4 (W.D. Pa. Mar. 31, 2022) ("[S]imply finding an opinion persuasive does not mean that the ALJ must accept the persuasive medical opinion wholesale."). Merely because the ALJ found NP Spagnolo's opinion to be persuasive and generally consistent the RFC findings did not create a situation where he was required to itemize those parts of the opinion that had been incorporated and those that had not.

Moreover, the ALJ did not find NP Spagnolo's opinion to be unqualifiedly persuasive, but rather "generally persuasive." There were, in fact, numerous ways in which the ultimate RFC determination differed from NP Spagnolo's opinion, sometimes to Plaintiff's benefit. He also found the opinions of the state reviewing agents to be "generally persuasive," and these opinions specifically noted that Plaintiff did ***not*** need a cane to ambulate. (R. 24-25, 75, 92, 111, 128). It is very clear, therefore, that the ALJ was not purporting to adopt NP Spagnolo's opinion in its entirety. It is particularly noteworthy that although NP Spagnolo and the state agency reviewers limited Plaintiff to what would best be defined as a limited range of light work, the ALJ limited Plaintiff to only sedentary work.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record

---

As to the specific issue of whether Plaintiff needed to use an ambulatory device, the ALJ acknowledged NP Spagnolo's check-box indication that Plaintiff did need such a device and Plaintiff's own testimony that she used a cane (R. 1263, 48), which – again – constitutes the ***only*** evidence in the record regarding Plaintiff's use of a cane.  The ALJ rejected Plaintiff's contention that she needed to use a cane, citing to the substantial amount of contrary evidence showing that Plaintiff routinely exhibited normal gait and strength and that she had not brought a cane to the consultative examination with NP Spagnolo.  (R. 21).  Indeed, the ALJ discussed the medical imaging evidence and clinical findings, as well as Plaintiff's activities of daily living and treatment history at substantial length in explaining how he formulated the RFC.   While the ALJ may not have expressly "rejected" this aspect of NP Spagnolo's opinion, the record as a whole makes it clear that he found that Plaintiff had not shown the need for an ambulatory device.  *See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (holding that an ALJ's decision must be "read as a whole").  Moreover, substantial evidence supports that finding.

Regardless, even if the ALJ had not addressed the consultative examiner's acknowledgement that Plaintiff said she used a cane, there was still inadequate evidence for such a limitation to have been included in the RFC.  In cases such as this one, where the record shows that a claimant may have used a cane but not that the use was medically necessary, courts have found no basis for including the use of an assistive device in a claimant's RFC.  *See Drowell v. Berryhill*, Civ. No. 17-795, 2018 WL 3574890, at *2 (W.D. Pa. July 25, 2018) (citing *Houze v, Barnhart*, 53 Fed. Appx. 218 (2002)) (finding that the ALJ did not err in failing to account for claimant's use of a cane in fixing the RFC where there were multiple references to the fact that claimant used a cane but no evidence of its medical necessity); *Van Horn v. Saul*, 4:19-cv-414, 2019 WL 544830, at *11 (M.D. Pa. Sept. 11, 2019); SSR 96-9p, 1996 WL 374185 (S.S.A.), at *7 (applying this same standard in regard to sedentary work).  It is important to note in this regard that NP Spagnolo specifically declined to opine as to whether Plaintiff's use of a cane was medically necessary and even made note that Plaintiff had not used a cane during the examination.  (R. 1263, 1258).

Accordingly, for the reasons set forth herein, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports his findings.  The Court will therefore affirm.